**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **SHAFIQA BAHRAM** | **CIVIL ACTION** |
| **VERSUS** | **No. 26-1302** |
| **BRIAN ACUNA, ET AL.** | **SECTION I** |

## ORDER AND REASONS

Before the Court is a motion[1] for a temporary restraining order ("TRO") and preliminary injunction filed by plaintiff Shafiqa Bahram ("plaintiff"). Plaintiff requests a TRO barring her "detention at SLIPC or any comparable custodial immigration-detention facility, and ordering [d]efendants to release [p]laintiff under appropriate noncustodial supervision."[2]

"The purpose of a TRO is to preserve the status quo and prevent irreparable harm until the court makes a final decision on injunctive relief." *Miller v. Carrington Mortgage Servs. LLC*, No. 26-1156, 2026 WL 1551756, at *2 (E.D. La. June 2, 2026) (Africk, J.) (citing *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Loc. No. 70 of Alameda Cnty.*, 415 U.S. 423, 439 (1974)). A TRO may only be issued *ex parte* if:

(A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and

(B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

---

[1] R. Doc. No. 6.

[2] *Id.* at 3.

Fed. R. Civ. P 65(b)(1). These "criteria are strict requirements, not mere technicalities, that establish minimum due process." *Miller*, 2026 WL 1551756, at *2 (quoting *Cajun Servs. Unlimited, LLC v. Benton Energy Serv. Co.*, No. 17-491, 2020 WL 10486334, at *3 (E.D. La. Oct. 16, 2020) (Ashe, J.)).

An *ex parte* TRO is not warranted in this case because plaintiff has not demonstrated that she will suffer an irreparable injury "before the adverse party can be heard in opposition." Fed. R. Civ. P 65(b)(1)(A). Plaintiff points to the harms caused by the conditions of her confinement.[3] But it is too speculative to conclude that irreparable injury is likely to occur in the brief period while a response from the government is pending. And "speculative injury is not sufficient" to secure injunctive relief. *Daniels Health Sciences., L.L.C. v. Vascular Health Sciences., L.L.C.*, 710 F.3d 579, 585 (5th Cir. 2013) (alteration omitted) (quoting *Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 997 (5th Cir.1985)); *see also Lindell v. United States*, 82 F.4th 614, 618 (8th Cir. 2023) ("[T]he purpose of injunctive relief is to preserve the status quo; it is not to give the movant the ultimate relief he seeks."). Accordingly,

**IT IS ORDERED** that the government shall file a response to plaintiff's motion no later than **JUNE 29, 2026**. Plaintiff shall file a reply by **JULY 2, 2026**. Both parties shall address whether this matter should be transferred to the Western District of Louisiana pursuant to 28 U.S.C. § 1404(a).

New Orleans, Louisiana, June 22, 2026.

_____

LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE

---

[3] R. Doc. No. 3-2, at 31–32.